In re Thomas M. KEATING, Carol A. Mignogna, Debtors.

Thomas KEATING and Carol Mignogna, Plaintiffs,

v.

CENTRAL MONTGOMERY ABSTRACT CO., Defendant.

Bankruptcy Nos. 81–02445G, 81–02444G. Adv. No. 81–0964G.

United States Bankruptcy Court, E. D. Pennsylvania.

Dec. 29, 1981.

Robert Lapowsky, Philadelphia, Pa., for the debtors/plaintiffs, Thomas Keating and Carol Mignogna.

Joseph W. Lonergan, Smith, Aker, Grossman, Hollinger & Jenkins, Norristown, Pa., for defendant, Central Montgomery Abstract Co.

James J. O'Connell, Philadelphia, Pa., trustee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge:

The issue at bench is whether the debtors may avoid a judicial lien to the extent it impairs the exemption claimed in their real estate pursuant to § 522(f)(1) of the Bankruptcy Code ("the Code") where that lien is based on a loan made by the creditor to enable the debtors to purchase that real estate. We conclude that § 522(f)(1) permits the debtors to avoid any judicial lien which impairs their exemptions, whether it is a purchase money lien or not, and, therefore, the debtors may avoid the lien in question.

The parties have stipulated to the facts which are as follows: [1] In September, 1979, Thomas Keating and Carol A. Mignogna ("the debtors") purchased property located at 1549 Daws Road, Norristown, Pennsylvania. In order to complete settlement on that property, the debtors borrowed $10,000.00 from Central Montgomery Abstract Company ("Central Montgomery") which money was used as a down payment on that property. To secure that loan, the debtors signed a judgment note which was subsequently recorded by Central Montgomery. On June 25, 1981, the debtors each filed a petition for relief under chapter 7 of the Code and their cases were consolidated. In their petitions, the debtors each chose the federal exemptions and thus each claimed $7,900.00 in the above real property under § 522(d)(1) and (5), for a combined exemption of $15,800.00 in that property.

On July 30, 1981, the debtors filed the instant complaint to avoid the judgment lien of Central Montgomery to the extent it impaired their exemptions in that property. At the time of the filing for relief by the debtors, the fair market value of the property was $65,000.00, the balance due on the mortgage was $45,000.00 and the total debt due to Central Montgomery was $10,991.00. As a result, the debtors asked that the lien of Central Montgomery be avoided to the extent it impairs their exemptions ($6,791.00) thus reducing the lien to $4,200.00.

While Central Montgomery did not dispute the debtors' figures, it asserted that its lien should not be avoided to any extent (1) because its lien is a purchase money lien and should not be avoidable under § 522(f)(1) just as purchase money security interests in certain personal property are not avoidable under § 522(f)(2) and (2) because the money loaned by Central Montgomery to the debtors was used to purchase the real estate in question and, thus, its lien should be treated as a mortgage rather than as a judicial lien.

We find Central Montgomery's assertions to be without merit. First, § 522(f)(1) permits a debtor to avoid any judicial lien which impairs an exemption. While § 522(f)(2) makes a distinction between purchase money security interests and non-purchase money security interests, § 522(f)(1) does not.[2] Furthermore, the definition of a judicial lien given by the Code makes no such distinction either.[3] Therefore, given the clear language of the Code, we conclude that there is no merit to Central Montgomery's assertion that its judicial lien is not avoidable under § 522(f)(1) simply because it is a purchase money judicial lien.

■ Second, Central Montgomery's contention that, because its lien is a purchase money one, its judicial lien should be treated as a mortgage is also without merit. In the instant case the only document executed by the parties was a judgment note. A mortgage and a judgment note are two distinct instruments, with different rights and duties arising therefrom. In this case, the parties chose a judgment note; had they intended to create a mortgage lien, they could have easily done so. We will not, therefore, change the bargain which

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

**2.** Section 522(f) states in full:
(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
(1) a judicial lien; or
(2) a nonpossessory, nonpurchase-money security interest in any—

(A) household furnishings, household goods, wearing apparel, appliances, books, animals, crops, musical instruments, or jewelry that are held primarily for the personal, family, or household use of the debtor or a dependent of the debtor;
(B) implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor; or
(C) professionally prescribed health aids for the debtor or a dependent of the debtor.

**3.** *See* 11 U.S.C. § 101(27).

the parties have made for themselves. *See, e.g., Mellon Bank N. A. v. Aetna Business Credit, Inc.*, 619 F.2d 1001 (3d Cir. 1980); *Brokers Title Co., Inc. v. St. Paul Fire & Marine Ins. Co.*, 610 F.2d 1174 (3d Cir. 1979); *Transamerica Ins. Co. v. McKeesport Housing Authority*, 309 F.Supp. 1321 (W.D. Pa.1970).[4]

Therefore, because we find that the lien of Central Montgomery is a judicial lien which impairs the debtors' exemptions to the extent of $6,791.00, we conclude that that lien is avoidable to that extent pursuant to § 522(f)(1).

4. We note that in this case the creditor, Central Montgomery, is a title insurance company and, as such, is certainly a sophisticated lender which knows the difference between a judicial lien and a mortgage and would have used the latter instrument had that been what the parties intended.